

**restauri**
*thinking thru law*



*A status conf will be held March 19, 2010, at 10:00 a.m. All pleadings and motions are stayed until then. No defaults will be recognized.*

*3-12-10*
*[signed] /s/ Hellerstein*

March 11, 2010

Honorable Alvin K. Hellerstein
United States District Judge for the
Southern District of New York
Room 1050, United States Courthouse
500 Pearl Street
New York, NY 10007
BY FAX (212) 805-7942

**OFFICE**
85 Firethorn Road
Baden, Pennsylvania 15005

**PHONE**
412.427.5914

**FAX**
412.291.1123

**EMAIL**
vince.restauri @ gmail.com

RE:   *Aroman Promotional Products, Inc. and Rosie Mankes, individually and derivatively on behalf of Gurl2Gurl Productions, Inc. v. Denise Restauri and Gurl2Gurl Productions, Inc.* 10 CV 952 (AKH)

*Kathleen Prokesch d/b/a Metropolitan Events v. Denise Restauri and Gurl2Gurl Productions, Inc.* 10 CV 722 (AKH)

Dear Judge Hellerstein:

I am submitting this letter to the Court pursuant to your Individual Rule 1D regarding extensions of time. Defendants request clarification of the deadline for filing a Rule 12 Motion in the *Aroman* case.

On February 22, 2010, a few days before the *Aroman* case was transferred to your docket from his, Judge Marrero entered a four-sentence endorsement-Order in response to both defendants' letter-request to extend the deadline to file a Rule 12 Motion from February 26 and March 1, respectively, to March 15, 2010. The issue now disputed between counsel, after unsuccessful efforts to resolve it yesterday via emails, is whether the third sentence trumps the first sentence.

Here is the full text of Judge Marrero's Order:

> Request GRANTED. A status conference herein is scheduled for 2-24-10 at 4:45 PM, to address the matter described above by defendants. The time for defendants to answer or otherwise respond to the complaint is extended to 3-1-10. SO ORDERED.
> 2-22-10 [signed]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/10



**restauri**

*thinking thru law.*

On the docket, the Clerk entered :"... re: Request for an extension of time to file Rule 12 Motion to Dismiss the Complaint in lieu of Answer as follows: Revised response dates; 3/15/2010. ENDORSEMENT: Request GRANTED"... Denise Restauri answer due 3/1/2010; Gurl2Gurl Productions, Inc. answer due 3/1/2010...." The complete text entry follows:

> Entered: 02/08/2010)  2010-02-22 3 0 ENDORSED LETTER addressed to Judge Victor Marrero from Vincent J. Restauri, Jr.dated 2/21/2010 re: Request for an extension of time to file Rule 12 Motion to Dismiss the Complaint in lieu of Answer as follows: Revised response dates; 3/15/2010. ENDORSEMENT: Request GRANTED. A status conference herein is scheduled for 2/26/2010 at 4:45 p.m.to address the matter described above by defendants. The time for defendants to answer or otherwise respond to the complaint is extended to 3/1/2010. Denise Restauri answer due 3/1/2010; Gurl2Gurl Productions, Inc. answer due 3/1/2010. (Signed by Judge Victor Marrero on 2/22/2010) (tro)(Entered: 02/22/2010)

Opposing counsel contends that the third sentence of Judge Marrero's Order trumps the first sentence. As a result, yesterday afternoon he filed a Motion for Default Judgment and the Clerk has noted the default on the case docket. Emails between counsel yesterday afternoon failed to resolve the disagreement. Opposing counsel's view emailed to me is that "if you thoroughly parse both Judge Marrero's Order and the Docket entry you will find that they plainly state that your client was to have responded, whether by Answering or otherwise responding (including any dispositive motions), no later than March 1, 2010. The Clerk of the Court agrees and this forms the basis for the motion for default."

Defendants believe that March 15, 2010, not March 1, is the deadline for filing the *Aroman* Rule 12 Motion. First, opposing counsel's interpretation renders the first sentence "Request GRANTED." meaningless, if the 3-1-10 deadline in third sentence governs the Rule 12 Motion. This is contrary to the principle that no word of a Federal District Court Order is presumed to be mere surplusage. Second, the specific ("Request GRANTED") controls the general ("otherwise respond"). Third, there is a way of reconciling sentence one with sentence three, giving both of them effect, as the Clerk has done in the docket entry by distinguishing a Rule 12 response from an answer.

Fourth, March 1 was already the deadline for Gurl2Gurl's response, so "Request GRANTED" back to the original March 1 deadline is hard to explain. Fifth, the plain language, capital letters, punctuation, sentence sequencing, and the intervening status conference, all lead to the conclusion that sentence 3 was not intended to trump sentence 1.



**restauri**
*thinking thru law.*

Sixth, a March 15 deadline is not facially unreasonable, and the language "Request GRANTED" is not mandatory but is used by the Court advisedly, as your endorsement-Order in the related *Prokesh* case demonstrates:

> Def'ts are given until March 19, 2010 to plead. The corp'n will not be allowed to plead except through a duly-admitted lawyer and if not so represented by then, may suffer a default. No further extensions will be granted. 12-22-10 [signed]

NOTE: The motion to admit me *pro hac vice* has been filed and is pending.

The docket indicates a response deadline of March 17, 2010 and return date of March 17, 2010 at 2 P.M. on the Motion for Default Judgment. Your Individual Rule 2D, however, states that counsel are not to appear on the return date and that argument will be scheduled separately as the Court wishes.

Should the Court prefer a response by formal answer to the Motion for Default Judgment, duly-admitted counsel will be pleased to prepare and file one by March 17.

Very truly yours,

*[signature]*

cc:   Jeremiah F. Manning, Esquire (by email)
      Stephen Kline, Esquire (by email)



# Manning, Esq.
Law Offices
49 Oldox Road
Delmar, NY 12054

March 11, 2010

Jeremy F. Manning, Esq.
jfm@manningesq.com
Direct: 917.757.1485

**BY FACSIMILE (212) 805-7942**

Hon. Alvin K. Hellerstein
United States District Judge
United States District Court for the
Southern District of New York
Room 1050 - United States Courthouse
500 Pearl Street
New York, NY 10007

Re: **Defendants' Failure to Comply with Court-Ordered Response Date
1:10 cv 952 – Aroman Promotional Products, Inc. et al. v. Restauri et al.**

Dear Judge Hellerstein:

    I represent the plaintiffs in the above-referenced case, and I write in response to defendants' counsel's faxed letter dated today, March 11, 2010.

    Prior to re-assignment of the above-referenced case, on February 22, 2010, Judge Marrero ordered the defendants to respond to the plaintiffs' Complaint by March 1, 2010. After my associate contacted your Chambers and confirmed with your clerk that re-assignment did not affect Judge Marrero's February 22, 2010 Order, we filed Plaintiffs' Motion for Default yesterday.

    Both the docket entry and the underlying February 22, 2010 Order plainly state that an answer or other response was to be filed by defendants no later than March 1, 2010. This plain reading was confirmed by the Clerk of the Court and the obvious conclusion set forth in the Clerk's Certificate submitted in support of Plaintiffs' Motion. A copy of the Clerk's Certificate is submitted herewith and it notes the default. (Defendants' counsel has been served with Plaintiffs' Motion, and we will also be forwarding to the Court courtesy copies of the entire set of Default Motion papers.)

    In his letter, Defendants' counsel advises the Court that this issue is now "disputed between counsel." However, there can be no dispute as to what the February 22, 2010 Order plainly directs defendants to do and the Clerk's Certificate confirms this.



www.manningesq.com

Hon. Alvin K. Hellerstein
Plaintiffs' Motion for Default
March 11, 2010
Page 2 of 2

Defendants' counsel offers no reason for his clients' non-compliance other than his alleged confusion about what the docket entry plainly stated. If he was confused, he should have read the underlying order that he quotes. It plainly states that "the time for the defendants to answer or otherwise respond to the complaint is extended to 3-1-10. SO ORDERED."

Counsel also seeks to sow confusion about the meaning of the docket entry. He argues that the first sentence of the docket entry should trump the third sentence and that this somehow absolves him of complying with Judge Marrero's underlying February 22, 2010 Order. This argument is disingenuous at best, since even the docket entry is unambiguous. The first sentence following the caption "ENDORSED LETTER" clearly describes the defendants' application, not the Court's Order. The second set of sentences following the caption "ENDORSEMENT" then proceed to describe the Court's Order, which granted defendants' extension request, but limited it to one week, i.e. March 1, 2010. This is a standard format for docket entries.

In summary, whether one reads the underlying February 22, 2010 Order or the docket entry, the conclusion is indisputable: defendants were ordered by the Court to file their answer or other response by March 1, 2010. Defendants' attempts to sow confusion about this should be rejected and they should be held to at least a minimal standard of reading comprehension.

Finally, I understand that Mr. Restauri retained local counsel Stephen Kline and that Mr. Kline has submitted motion papers sponsoring Mr. Restauri for *pro hac vice* admission. There have been no settlement discussions since Mr. Restauri's first request for an extension. His stated reasons for requesting the extension in the related case therefore no longer apply and an extension request is now untimely in any event. He also offers no good cause for a *post hoc* extension at this late date. Plaintiffs therefore respectfully request the Court impose the partial judgment and other relief contained in their Default Motion papers (the Proposed Default Judgment and Order also submitted herewith) because defendants failed to comply with Judge Marrero's February 22, 2010 Order directing them to Answer or otherwise respond by March 1, 2010.

Respectfully,

Jeremiah F. Manning, Esq.

cc: Vincent J. Restauri, Esquire (email)

Stephen L. Kline, Esquire (email)

www.manningesq.com

2